IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN MATHIAS,

       **Plaintiff,**

v.                                               **No.**

**LEIGHTON REDHOUSE, DAMIAN LUJAN,
and BRION BERRIOS,**
in their individual capacities,

       **Defendants.**

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, TORT CLAIMS, AND DAMAGES

Plaintiff John Mathias, through his counsel of record, Kennedy & Han, P.C., brings this Complaint for violation of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and for torts under the New Mexico Tort Claims Act. Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 42 U.S.C. §§1983 and 1988 and 28 U.S.C. § 1343, with pendent jurisdiction over the state law claims. Venue is proper in this district, as Defendants are all residents of New Mexico and all of the acts complained of occurred in New Mexico. Plaintiff's causes of action arose in New Mexico.

### PARTIES

2.    Plaintiff John Mathias is a resident of the state of New Mexico.

3.    Defendants Leighton Redhouse and Brion Berrios were, at all relevant times herein, law enforcement officers employed by the Albuquerque Police Department, an agency of

the City of Albuquerque.

4. Defendant Damian Lujan was, at all relevant times herein, a police service aide employed by the Albuquerque Police Department, an agency of the City of Albuquerque.

5. At all times material to this complaint, Defendants Redhouse, Lujan and Berrios were acting within the scope of their employment and under color of state law. The individual Defendants are sued in their individual capacities.

## FACTUAL BACKGROUND

6. On or about July 20, 2008, Plaintiff John Mathias, a 79-year-old cancer survivor, was driving a motor vehicle within the Albuquerque city limits.

7. While on routine traffic patrol in a marked Albuquerque Police Department vehicle, Defendant Leighton Redhouse positioned his patrol car immediately behind Plaintiff's vehicle and turned on his signal lights, indicating that Plaintiff was to pull over for a traffic stop.

8. Recognizing the flashing lights of a police vehicle behind him, Plaintiff slowed his vehicle, turned off of Central Avenue onto Atrisco, and came to a lawful stop.

9. Upon approaching Plaintiff's vehicle, Defendant Redhouse informed Plaintiff that he was being cited for failing to wear a seat belt and for failing to use his turn signal as he turned off of Central.

10. In compliance with New Mexico Statute 66-7-372(B), Plaintiff presented Defendant Redhouse with a written statement from his doctor explaining that Plaintiff had a serious medical condition which prevented him from wearing a seatbelt.

11. Ignoring the doctor's signed statement, Defendant Redhouse proceeded to prepare traffic citations for Plaintiff, citing him for failure to wear a seatbelt and for failure to use a turn signal.

12. While attempting to sign the citation notice, Plaintiff dropped the cap of Defendant Redhouse's pen, which fell to the ground outside of Plaintiff's vehicle.

13. Immediately and without any provocation, Defendant Redhouse violently jerked open the door of Plaintiff's vehicle, ordered Plaintiff to get out, seized him, handcuffed him, and placed him under arrest for assault and battery of a police officer.

14. Plaintiff was immediately placed in the back seat of Defendant Redhouse's patrol car. Plaintiff requested that Defendant Redhouse retrieve Plaintiff's backpack, which contained his identification, bank cards and financial information, doctor's statement, cash, and other personal items. This pack was placed in the front seat of the patrol car.

15. On information and belief, Defendants Damian Lujan and Brion Berrios witnessed these events, failed to intervene, and provided support for Defendant Redhouse's actions.

16. Defendants caused Plaintiff's vehicle to be towed to an impoundment facility.

17. After being taken into custody and while awaiting transfer from an Albuquerque Police Department substation to the detention facility, Plaintiff's arms were twisted; his handcuffs were tightened, causing severe bruising to his wrists; and he was threatened with having his wedding ring cut off of his finger.

18. After his release, the Albuquerque Police Department retained custody of Plaintiff's backpack, claiming that the pack, and the personal items it contained, somehow constituted police evidence.

19. On August 28, 2008, Albuquerque Police Department Chief of Police Raymond D. Schultz communicated to Plaintiff in writing, stating that the Department's Internal Affairs Unit had conducted an investigation of the events of July 20, 2008. This investigation revealed that

Defendant Redhouse had violated Department procedures with respect to Plaintiff and that Defendant Redhouse had been disciplined in accordance with Department guidelines.

20. On October 8, 2008, Bernalillo County Metropolitan Court Judge Sandra Clinton dismissed all charges against Plaintiff that were filed as a result of his arrest by Defendant Redhouse.

21. Plaintiff's backpack and personal items remained in the possession of the Albuquerque Police Department for a period of weeks after Plaintiff was released from custody.

22. Plaintiff's car remained impounded until he paid approximately $100 to have it released.

## COUNT I -
## UNLAWFUL SEIZURE IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS AGAINST ALL INDIVIDUAL DEFENDANTS

23. Plaintiff incorporates paragraphs 1 through 22 as though fully set forth herein.

24. Defendants seized Plaintiff on July 20, 2008, without reasonable suspicion or probable cause to believe that Plaintiff had committed or was committing a crime.

25. Defendants' actions in seizing Plaintiff and the manner in which Defendants effected the seizure of Plaintiff was objectively unreasonable, was intentional, willful, and wanton, and was done in gross and reckless disregard of Plaintiff's rights.

26. Defendants' unlawful seizure of Plaintiff proximately caused Plaintiff to suffer damages and injuries. These damages include physical pain and suffering, property damage, towing fees, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiff requests compensatory and punitive damages against Defendants Redhouse, Lujan, and Berrios, together with all costs and attorneys fees.

## COUNT II -
## EXCESSIVE USE OF FORCE IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS AGAINST ALL INDIVIDUAL DEFENDANTS

27. Plaintiffs incorporate paragraphs 1 through 26 as though fully set forth herein.

28. Defendants used excessive force in seizing, arresting, and detaining Plaintiff on July 20, 2008, including but not limited to, jerking Plaintiff's vehicle door open, grabbing Plaintiff, twisting his arms, handcuffing him tightly, and threatening to cut his wedding ring off of his finger. Defendants used this level of force without reasonable suspicion or probable cause to believe that Plaintiff posed a physical danger to anyone and without giving Plaintiff an opportunity to comply with their requests. The level of force used was not proportionate to the circumstances of the arrest.

29. Defendants' use of excessive force proximately caused the Plaintiff's damages and injuries, including physical injuries, physical pain and suffering, lost liberty, property damage, and psychological and emotional distress.

WHEREFORE, Plaintiff requests compensatory and punitive damages against all Defendants, together with all costs and attorneys fees.

## COUNT III –
## UNLAWFUL SEIZURE OF PROPERTY IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS AGAINST ALL INDIVIDUAL DEFENDANTS

30. Plaintiffs incorporate paragraphs 1 through 29 as though fully set forth herein.

31. Defendants seized Plaintiff's property on July 20, 2008, including his vehicle, his backpack, and the personal items contained inside the backpack. This seizure took place without reasonable suspicion or probable cause to believe that the property being seized aided in, or was

in any way related to, the commission of Plaintiff's alleged crimes.

32. Defendants' actions in seizing Plaintiff's property and the manner in which Defendants effected this seizure was objectively unreasonable, and was intentional, willful, wanton, and was done in gross and reckless disregard of Plaintiff's rights.

33. Defendants' seizure of Plaintiff's property proximately caused Plaintiff's damages and injuries, including lost use of his property, costs of getting his car out of impound, and psychological and emotional distress.

WHEREFORE, Plaintiff requests compensatory and punitive damages against Defendants Redhouse, Lujan, and Berrios, together with all costs and attorneys fees.

## COUNT IV – STATE TORT CLAIMS AGAINST ALL DEFENDANTS

34. Plaintiffs incorporate paragraphs 1 through 33 as though fully set forth herein.

35. The individual Defendants intentionally falsely arrested, assaulted, battered, and falsely imprisoned Plaintiff on July 20, 2008.

36. The City of Albuquerque received actual notice of the occurrence within the meaning of the New Mexico Tort Claims Act.

37. Defendants' actions as set forth above proximately caused Plaintiff damages and injuries. These damages include physical pain and suffering, property damage, lost liberty, and psychological and emotional distress.

38. Defendant City of Albuquerque, as the individual defendants' employer, is vicariously liable for torts they committed within the scope and course of their duties as law enforcement officers.

WHEREFORE, Plaintiffs request compensatory and damages against all Defendants,

together with all costs and fees.

## JURY TRIAL DEMAND

39. Plaintiff hereby demands a trial by jury.

Respectfully submitted,

**KENNEDY & HAN, P.C.**

 /s/ Darin Foster
PAUL J. KENNEDY
MARY Y.C. HAN
DARIN M. FOSTER
Attorneys for Plaintiff
201 12th Street N.W.
Albuquerque, New Mexico 87102
(505) 842-8662