IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN MATHIAS,

        Plaintiff,

vs.                                                  CIVIL NO.  09-065 WJ/GBW

LEIGHTON REDHOUSE,
DAMIAN LUJAN,
and BRION BERRIOS,

        Defendants.

## ORDER DENYING DEFENDANT'S MOTION TO QUASH SUBPOENA

THIS MATTER came before the Court on the Defendants' Motion to Quash Subpoena, filed on July 28, 2009. *Doc. 19.* Briefing on the matter was completed on August 17, 2009. *Doc. 31.* The Court concludes that no evidentiary hearing or oral argument is necessary.

Defendants seek to quash Plaintiff's subpoena issued to Alltel Communications which would require Alltel to produce the personal telephone records of Defendants Redhouse and Lujan for July 20, 2008. Defendants argue that: (1) the release of the records would impinge on their constitutional right to privacy; (2) even if the records are not protected by the constitutional right to privacy, the release of the records would be an unwarranted disclosure of confidential information; and (3) the information sought is not relevant.

Defendants' argument that the information is protected by a constitutional right to privacy is easily rejected. In *Smith v. Maryland*, 442 U.S. 735, 740-45 (1979), the Court held that an individual has an insufficient expectation of privacy to invoke the protection of the Fourth Amendment to limit discovery of the telephone numbers dialed by a person from his private telephone as recorded by the phone company. Plaintiff's subpoena seeks just that -- the telephone numbers dialed by a person from his private telephone as recorded by the telephone company. Consequently, the constitutional right to privacy embodied in the Fourth Amendment is not a basis for quashing the subpoena seeking Defendants' telephone records.

Defendants next argue that, even if they "do not enjoy a Fourth Amendment right to privacy in their personal cell phone records, they certainly have an expectation of confidentiality with regard to those records." *Doc. 30* at 4. Therefore, they contend that "such records are protected from discovery as contemplated in Fed. R. Civ. P. 26(c)." *Id.* For support for this contention, Defendants point to *Syposs v. United States*, 181 F.R.D. 224 (W.D.N.Y. 1998). In *Syposs*, the court concluded that "[c]onfidential information that does not establish a constitutionally protected privacy interest may nevertheless be entitled to protection against unwarranted public disclosure resulting from discovery in federal civil litigation." *Id*. at 227. In *Syposs*, the plaintiffs had subpoenaed three months of cell phone records of a physician. *Id.* at 226. The physician objected "to the subpoena because some of the subpoenaed records include[d] telephone calls between him and his patients." *Id.*

Based on this proffered confidentiality interest, the judge in *Syposs* decided to conduct an *in camera* review of the records. *Id.* at 229.

The facts in *Syposs*, however, are distinguishable from the instant case in significant ways. First, the plaintiffs in *Syposs* were seeking three months of telephone records. Plaintiff Mathias is seeking only one day of records, and it was a day on which the Defendants were on duty as police officers. To the extent that a confidentiality interest exists in telephone records, that interest was substantially greater in *Syposs* than in the case at bar. Second, and more importantly, the physician in *Syposs* pointed to a specific confidentiality interest – the identity of his patients. Significantly, this interest implicated the privacy of third parties who had not voluntarily conveyed information to the phone company. *See Smith*, 442 U.S. 742-45 (holding that any expectation of privacy in telephone records was not objectively reasonable because "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties"). Defendants in the case at bar claim only their own general privacy interest. In fact, applying the logic of *Syposs* to a case which only implicates the privacy interests of the person who voluntarily conveyed the telephone numbers to the phone company is suspect given the strong language of the Supreme Court in *Smith*. In *Smith*, the Court held that the individual had neither an objectively nor a subjectively reasonable expectation of privacy in the phone numbers he dialed. *Id.* In light of the Court's absolute rejection of both necessary prongs of "reasonable expectation," it would appear that the confidentiality interest in such dialed

3

numbers must be very strong to provide a basis for denying relevant discovery in a civil case. *See e.g., Sierra Rutile Limited v. Katz*, 1994 WL 185751, *2 (S.D.N.Y. 1994) (citing cases relating to financial records). The confidentiality interest in the one day of telephone records at issue here is not strong enough to limit relevant discovery.

Defendants final argument is that the information sought in the telephone records is not relevant as required by Fed. R. Civ. P. 26(c). Plaintiff contends that the information requested is relevant to "determine how Defendant Lujan . . . appeared as 'back-up' on the scene of the incident in question, despite the fact that no request for back-up was transmitted by normal police communication channels. Plaintiff further seeks to establish Defendants' familiarity with one another...." *Doc. 24* at 2-3. Defendant counters that those two issues "are [not] remotely relevant to the salient issues of wrongful arrest, wrongful seizure of Plaintiff's backpack or assault." *Doc. 30* at 1.

A party may obtain discovery regarding any matter that is relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Plaintiff has met this burden as knowledge of the timeline and events which led to the arrival of back-up despite the lack of the transmission of a request for back-up over normal channels may lead to the discovery of admissible evidence.

IT IS HEREBY ORDERED that Defendant's Motion to Quash is denied. Alltel Communications of New Mexico shall produce the telephone records described in Plaintiff's subpoena issued on July 22, 2009 within ten (10) days from the date of this Order.

_____
Gregory B. Wormuth
United States Magistrate Judge