IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

JOHN MATHIAS,

       Plaintiff,

    v.                                    No. 09-CV-65 WJ/GBW

LEIGHTON REDHOUSE, DAMIAN
LUJAN and BRION BERRIOS, in
their individual capacities,

       Defendants

## AMENDED MEMORANDUM OPINION AND ORDER
## DISMISSING DEFENDANT BRION BERRIOS[1]

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss Defendant

Brion Berrios, or in the alternative, Motion to Enforce Stipulated Dismissal of Brion Berrios,

filed April 16, 2010 (**Doc. 50**).  Having considered the parties' briefs and the applicable law, I

find that Defendant's motion has merit on several grounds, and the Court will dismiss Defendant

Berrios from this action.

### Background

This case is set for trial on June 7, 2010 (Doc. 39).  In the underlying case, Plaintiff sues

Defendants for violations of civil rights and state tort law arising from his alleged unlawful arrest

after he was stopped by Defendant Redhouse because he was not wearing his seat belt. Based on

the Court's ruling on Defendant's motion for summary judgment, the remaining claims in this

_____

[1]  This documents amends the Court's previous Memorandum Opinion and Order
(Doc.63) *only* to this extent: the fourth line of the last paragraph on page 7 in Document 63,
which refers to "Defendant and its legal counsel" should read "Plaintiff's counsel" instead.  The
document is not otherwise modified.

case are Plaintiff's Fourth Amendment claim of unlawful seizure and arrest, and state law tort claims of false arrest and false imprisonment.[2]  Doc. 48 ("March 22nd Order").

The Court also dismissed Officer Lujan as a Defendant in the case, primarily because he was a police service aide, and did not qualify as a "law enforcement officer" who would have had knowledge of constitutional rights and issues sufficient to attribute to him a duty to intervene. The Court noted that, on the belt tape which had been presented as an exhibit to the motion for summary judgment, there was a second voice in addition to the voice of Defendant Redhouse, "directly counseling" Defendant Redhouse regarding what charges should be brought against Plaintiff, and how the charges should be articulated on the citation.  While Plaintiff assumed that the voice belonged to Defendant Lujan, Defendant insisted that the only voices on the belt tape were that of Defendants Redhouse and Berrios, and that the voice did not belong to Defendant Lujan.  *See* Doc. 48 at 20.  The Court noted in a footnote:

> Plaintiff presents no basis for the statement that the voice heard on the tape advising Defendant Redhouse how to charge Plaintiff was Defendant Lujan. Ex. G. . . However, Defendants have at least provided some evidence that the voice heard was **not** Defendant Lujan. Also, in light of the evidence presented by Defendants concerning the lack of training Defendant Lujan received in the law, the Court is convinced that Defendant Lujan was not the person advising Defendant Redhouse. It seems that it should have been relatively simple for Plaintiff to double-check the identity of the other voice on the belt tape CD before blindly asserting that it was the voice of Defendant Lujan.

Doc. 48 at 20, n.16.

Defendant Berrios had previously been dismissed by stipulation of the parties, and I noted this in the March 22nd Order:

---

[2]   I granted summary judgment on Plaintiff's Fourth Amendment excessive force claim and unlawful seizure of property (Counts II and III) and state law tort claims of assault and battery (part of Count IV).

> According to Defendants, the parties previously agreed to the dismissal of
> Defendant  Brion Berrios, although it was not known whether an order granting
> the dismissal had been presented to the Court. . . . For counsel's edification, the
> Court docket does not indicate that such an order has been presented to the Court.

Doc. 48 at 20, n.15. Thus, the issues raised in the pleadings related to the motion for summary

judgment did not include any reference to Defendant Berrios.

**Discussion**

Following this Court's order on Defendant's motion for summary judgment (particularly

because of the dismissal of Defendant Lujan), Plaintiff sought to recant his prior agreement to

dismiss Defendant Berrios and bring him back into the case. In the instant motion, Defendant

seeks to enforce the stipulation agreement, or in the alternative, to dismiss Defendant Berrios

from the case.

Based on the exhibits attached to the motion, there was most definitely an agreement to

dismiss Defendant Berrios.[3] However, as the Court noted, Plaintiff's counsel never filed the

---

[3] The chronology of correspondence follows:

- In a letter dated 7/21/09, Ms. Blake (counsel for Defendants) requested that both
  Defendants Lujan and Berrios ("Lujan" and "Berrios") be dismissed: Lujan because he
  was not a sworn law enforcement officer and would not have been alerted to the
  constitutional issues, and Berrios did not arrive on the scene until Plaintiff was already in
  custody and sitting in the back of Defendant Redhouse's patrol car.  (Defts' Exs. A & B
  & C).
- In an e-mail dated 7/22/09, Plaintiff's counsel Darin Foster agreed that claims against
  Berrios can be dismissed, but not as to Lujan (who was subsequently dismissed by the
  Court as a matter of law on Defendant's motion for summary judgment).  Ex. D.
- At Ms. Blake's request, Mr. Foster prepared the dismissal document for Berrios, and Ms.
  Blake gave Mr. Foster approved the draft documents (Exs. E, F, G, H, I).  Mr. Foster
  never filed the document with the Court
- In a letter dated March 24, 2010, Ms. Blake asked Mr. Foster to follow up on e-filing the
  dismissal document (Ex. J).
- Mr. Foster responded on March 31, 2010 – following the Court's Memorandum Opinion
  and Order on Defendant's summary judgment motion –that he wanted to keep Berrios in,
  based on the Court's footnote implying that the voice on the tape was that of Berrios, and

stipulation with the Court.

Plaintiff raises several arguments in response to Defendant's motion to enforce the agreement or dismiss Defendant Berrios, none of which deserve much attention except the type of attention Plaintiff's counsel would probably prefer not to have.  In arguing that Defendant Berrios should remain in the case, Plaintiff contends that:1) Defendant Berrios witnessed or had an opportunity to intervene in the alleged unconstitutional conduct of Defendant Redhouse; 2) Plaintiff's incorrect assumption about whose voice is heard on the belt tape amounts to a fundamental mistake of fact; and that 3) Defendants knew of and perpetuated Plaintiff's unfounded assumption; and 4) the instant motion is untimely.  The Court will address the most salient of these arguments.

I.      **Mistake of Fact**

Plaintiff argues that his incorrect assumption regarding the voice on the police belt tape voids any agreement between the parties to dismiss Defendant Berrios, relying on New Mexico law governing mistake of fact. *See, City of Raton v. Arkansas River Power Authority*, 611 F.Supp.2d 1190, 1209 (D.N.M. 2008), discussing *Twin Forks Ranch, Inc. v. Brooks*, 120 N.M. 832, (Ct. App. 1995).

The basis for Plaintiff's argument here is the "misidentification" of the second voice on the belt tape as belonging to Defendant Lujan instead of Defendant Berrios.  However, this argument is specious, because the voices on the belt tape had little or no role in the basis for the stipulated dismissal.  The parties agreed to dismiss Defendant Berrios based on the fact that he did not arrive on the scene until after Plaintiff had already been arrested and placed in the back

---

not Lujan's.  However, Mr. Foster was willing to agree to Berrio's dismissal if Ms. Blake would stipulate that the voice on the belt tape belonged to Defendant Lujan.  Ex. K.

4

of Defendant Redhouse's car.  Deft's Ex. C.  The stipulated dismissal was *not* premised on

whether or not Defendant Berrios' voice was on the tape – and rightly so, because discussions of

how to charge Plaintiff had no relevance to whether Plaintiff was arrested without probable

cause.  The facts which provided the basis for the stipulated dismissal of Defendant Berrios are

the same facts which exist now.  Plaintiff's  counsel cannot now attempt to wiggle his way out of

the stipulation by pointing to facts which, whether or not they were misunderstood, have

absolutely no bearing on the disposition of Plaintiff's remaining claims. Because there is no

"mistake of fact" concerning the agreement to dismiss Defendant Berrios, the agreement should

be enforced.  However, the Court finds that the better course at this stage in the proceedings is to

grant Defendant's motion on the alternative requested ground, and will dismiss Defendant

Berrios as a matter of law.

**II.       Whether Defendant Berrios Should be Dismissed**

        The parties were correct in stipulating to Defendant Berrios' dismissal. Plaintiff's

counsel knew that Defendant Berrios did not arrive on scene until after the arrest; thus, counsel

knew that Berrios did not have an opportunity to intervene in the arrest; counsel knew that

Defendants Berrios and Redhouse had discussed the criminal charges after Mathias had been

placed under arrest; and counsel had the belt tape.  Plaintiff offers nothing to suggest a dispute

regarding these facts.  The fact that it was Defendant Berrios' voice on the belt tape counseling

Defendant Redhouse regarding "possible charges" to issue against Plaintiff is entirely consistent

with Defendant Berrios' testimony that he did not show up until Plaintiff was in custody in the

back of the patrol car. Ex. A, Deposition of Brion Berrios, pp. 7-8, ll. 20-4.

        Plaintiff attempts to re-introduce Defendant Berrios into the lawsuit based on the fact that

it was his voice on the belt tape counseling Defendant Redhouse about what charges to bring

against Plaintiff.  However, Defendant Berrios' discussions with Defendant Redhouse regarding charges to bring against Plaintiff have nothing whatsoever to do with whether there was probable cause for Plaintiff's arrest – which is the basis for Plaintiff's Fourth Amendment and state law claims.[4]  Nevertheless, Plaintiff's counsel bullheadedly argues that there is a legal basis for keeping Defendant Berrios in the case, based on Defendant Berrios' statements:

> O3:    Did the pen hit you? [5]
>
> O2:    He threw it at you.
>
> O:    Yeah.
>
> O3:    He threw the pen at you? Did the pen hit you?
>
> O:    Yeah, cause it fell down on the ground.
>
> O3:    Then if that hit you, that's also battery, so then you could uh – you could actually (inaudible) with two counts, but –
>
> O:    No, I'm just gonna leave it with one.
>
> O3:    No, no, no, leave it with one, but uh – articulate that – the first one how uh – he grabbed it from you in a rude and insolent uh – manner and then –"

See, Pltff's Ex. 2 at 9. (Transcript of Police Recording).

---

[4]  When a person is arrested and charged with more than one offense, even if there is no probable cause to arrest for one of the offenses, such an arrest is not unlawful provided that there is probable cause for the arrest for at least one of the other offenses charged. *Biddle v. Martin*, 992 F.2d 673 (7th Cir. 1993); *United States v. Rambo*, 789 F.2d 1289, 1294 (8th Cir. 1986); *see also Walker v. City of Orem*, 451 F.3d 1139 (10th Cir. 2006) (the offense establishing probable cause must be "closely related" to, and based on the same conduct as, the offense the arresting officer identifies at the time of arrest).

[5]  The Court assumes that "O3" represents the voice of Defendant Berrios, and "O"is Defendant Redhouse.  It is not clear who "O2" represents, nor does it matter because of the irrelevance of this excerpt to Plaintiff's claims.

According to Plaintiff's counsel, O3's last statement about the pen being grabbed "in a rude or insolent manner" must mean that either O3 actually saw the pen being grabbed (inferring that Defendant Berrios actually was present at the arrest), or "that Defendant Berrios the officer is attempting to fabricate evidence to go into a criminal complaint for alleged actions *that he did not witness.*" Resp. at 4 (emphasis supplied in original).  Given that five or six sentences prior to this statement, O3 was actually told that Plaintiff threw the pen at an officer, counsel's spin on O3's statements is ridiculous.

Plaintiff's counsel's rather fanciful manipulation of Defendant Berrios' statements do not create a dispute of fact regarding whether Defendant Berrios arrived at the scene during the arrest.  Further, if there is any "fabrication" going on, it is being done by Plaintiff's counsel in concocting inferences to O3's statements which would be unacceptable to any reasonable person.  I find that it is undisputed that Defendant Berrios did not participate in Plaintiff's arrest, and that any discussions he had with Defendant Redhouse regarding how to frame the charges brought against Plaintiff have no relevance to whether Plaintiff was arrested without probable cause as the basis for Plaintiff's Fourth Amendment and related state claims.  Accordingly, Defendant Berrios shall be dismissed from this case.

## III.   Sanctions

A federal court may use its inherent powers and its authority under 28 U.S.C. § 1927 to sanction an attorney and/or a party who acts in bad faith.  *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).  The Court may use its inherent power under *Chambers* to impose sanctions against Plaintiff's counsel *sua sponte* for engaging in bad faith conduct amounting to litigation abuse. 501 U.S. at 43.  In addition, 28 U.S.C. § 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

In the Court's view, this is a motion that need not have been filed. The parties indeed had an agreement to dismiss Defendant Berrios, based on the undisputed facts in this case.  Incorrect assumptions (if they did exist at all) regarding whose voice was the second voice on the belt tape did not change the basis for the stipulated dismissal of Defendant Berrios, and Plaintiff should have filed the stipulated dismissal with the Court as initially agreed.

Instead, Plaintiff's counsel reneged on the agreement in the attempt to keep Defendant Berrios in the case. It should have been obvious that unless Defendant Berrios was present during the arrest there was no legal basis for keeping him in the case – regardless of whose voice was on the belt tape.  This kind of behavior is both manipulative and unprofessional.  It has nothing to do with zealous advocacy or creativity because it is legally wrong. Plaintiff's attempt to create a dispute about Defendant Berrios' presence at the scene hinged on a preposterous interpretation of Defendant Berrios' statements.  Even more incredulous to the Court, Plaintiff's counsel was holding the agreement to dismiss Defendant Berrios hostage to a stipulation by defense counsel that the second voice on the belt tape actually belonged to Defendant Lujan – *after* the Court had already dismissed Defendant Lujan from the case.[6]

For these reasons, the Court shall allow Defendants the opportunity to file a motion for sanctions against Plaintiff's counsel, limited to the expenses associated with filing the instant motion.  If Defendants wish to file such a motion, the motion shall be filed within ten (10) days

---

[6]Deft's Ex. K, noted in n. 2, above (eight days *after* the Court had dismissed Defendant Lujan on summary judgment, Plaintiff's counsel stating in letter to defense counsel that he was willing to honor the agreement regarding Officer Berrio's dismissal if defense counsel would stipulate that the voice on the belt tape belonged to Defendant Lujan).

of this Memorandum Opinion and Order, and shall include an affidavit and time sheets associated with those expenses.  Plaintiff's counsel shall have ten (10) days following the filing of the motion for sanctions in which to file objections.

Therefore**,** Defendants' Motion to Dismiss Defendant Brion Berrios, or in the alternative, Motion to Enforce Stipulated Dismissal of Brion Berrios (**Doc. 50**) is hereby GRANTED in that Defendant Brion Berrios is DISMISSED WITH PREJUDICE from this action.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE